IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Roland R. Barron,<br><br>    Petitioner,<br><br>vs.<br><br>Warden Louis Winn,<br><br>    Respondent. | No. CV-10-399-TUC-JMR-DTF<br><br>**REPORT & RECOMMENDATION** |

Pending before the Court is a Petition for Writ of Habeas Corpus brought pursuant to Title 28, United States Code, Section 2241.[1] Petitioner, Roland R. Barron, while confined in the Federal Correctional Institution in Tucson, AZ, alleged that the Bureau of Prisons (BOP) incorrectly decided the period of his placement in a Residential Re-Entry Center (RRC). Pursuant to the Rules of Practice of this Court, this matter was referred to Magistrate Judge Ferraro for a Report and Recommendation. Before the Court are the Petition (Doc. 1) and Respondent's Answer (Doc. 8).

**Background**

Petitioner is serving a 160-month sentence, followed by 5 years of supervised release, for conspiracy to distribute methamphetamine in violation of 21 U.S.C. § 846. (Doc. 8-3 at 2.) In May 2010, Petitioner was recommended for a 150 to 180-day RRC placement. (Doc. 8-5 at

---

[1] 28 U.S.C. § 2241 is the federal habeas corpus statute that permits a prisoner to challenge his imprisonment on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States. *See generally Peyton v. Rowe*, 391 U.S. 54 (1968).

2.)  On June 30, 2010, Petitioner filed the instant petition for habeas corpus relief.  (Doc. 1.) Petitioner was placed in an RRC on September 21, 2010, for a 177-day period.  (Doc. 8-1 at 3; Doc. 8-6 at 2.)  He is projected to be released via good time conduct on March 16, 2011.  (Doc. 8-3 at 2.)

## **Analysis**

Petitioner argues that BOP's policy of only allowing inmates a 6-month RRC placement violates federal law and the Equal Protection Clause.  Petitioner seeks a 12-month RRC placement.  Respondent contends the petition is moot.

"Article III of the Constitution limits federal courts to the adjudication of actual, ongoing controversies between litigants." *Ruvalcaba v. City of Los Angeles*, 167 F.3d 514, 520 (9th Cir. 1999) (quoting *Ruiz v. City of Santa Maria*, 160 F.3d 543, 548 (9th Cir. 1998)); *see also* U.S. CONST. art. 3, § 2, cl. 1.  "The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)." *Foster v. Carson*, 347 F.3d 742, 745 (9th Cir. 2003) (quoting *Cook Inlet Treaty Tribes v. Shalala*, 166 F.3d 986, 989 (9th Cir. 1999) (internal quotation marks omitted)).  Mootness is a jurisdictional issue, and "federal courts have no jurisdiction to hear a case that is moot, that is, where no actual or live controversy exists." *Id.*  If there is no longer any possibility that relief can be obtained for a claim, that claim is moot and must be dismissed for lack of jurisdiction. *See id.*

"[T]he function of the writ [of habeas corpus] is to secure immediate release from illegal physical custody," and that is the only relief a court has the power to grant. *Picrin-Peron v. Rison*, 930 F.2d 773, 775 (9th Cir. 1991).  Thus, when a habeas petitioner has been released from the confinement of which he complains, the complaint must be dismissed as moot because the court can no longer provide the requested relief. *Id.* at 776 (dismissing § 2241 petition because petitioner had been granted immigration parole and released from custody); *Munoz v. Rowland*, 104 F.3d 1096, 1097-98  (9th Cir. 1997) (finding § 2241 petition challenging conditions of confinement moot because petitioner had been paroled, thus, relief sought was unavailable).

Petitioner's request for relief is a longer stay in an RRC facility.  Subsequent to the filing

of the petition, Petitioner was placed in an RRC until March 16, 2011, his good conduct release date. Because Petitioner has been transferred to an RRC for the remainder of his sentence, this Court can no longer provide him with the relief sought in his habeas corpus petition. Additionally, because no reasonable expectation exists that Petitioner will again be subjected to this same set of circumstances, "this is not a situation 'capable of repetition, yet evading review' to which the doctrine of mootness may not apply." *Reimers v. Oregon*, 863 F.2d 630, 632 (9th Cir. 1988) (quoting *Cox v. McCarthy*, 829 F.2d 800, 803 (9th Cir. 1987)). Therefore, the Court finds that the petition is moot and must be dismissed for lack of jurisdiction. *Foster*, 347 F.3d at 745.

**Recommendation**

Based on the foregoing, the Magistrate Judge recommends that the District Court DISMISS the Petition for Writ of Habeas Corpus (Doc. 1).

Pursuant to Federal Rule of Civil Procedure 72(b)(2), any party may serve and file written objections within fourteen days of being served with a copy of the Report and Recommendation. If objections are not timely filed, they may be deemed waived. If objections are filed, the parties should use the following case number: **CV 10-399-TUC-JMR**.

DATED this 20th day of December, 2010.

D. Thomas Ferraro
United States Magistrate Judge